UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARK VAN DEN HEUVEL A.K.A. JEAN MARC, | No. 2:19-cv-0883 MCE DB PS |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| EL DORADO COUNTY DISTRICT ATTORNEYS, et al., | |
| Defendants. | |

Plaintiff John Mark Van den Heuvel is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's amended complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 6 & 8.) Therein, plaintiff complains about plaintiff's criminal prosecution.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's amended complaint is deficient. Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's amended complaint be dismissed without further leave to amend.

1

## I. Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

1  (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by

2  lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true

3  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western

4  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

5      The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

9  Fed. R. Civ. P. 8(a).

10  **II.**    **Plaintiff's Amended Complaint**

11      Here, as was true of plaintiff's original complaint, plaintiff's amended complaint is

12  deficient in several respects.

13      **A.**    **Failure to State a Claim**

14      The amended complaint fails to contain a short and plain statement of a claim showing

15  that plaintiff is entitled to relief. In this regard, the allegations found in the amended complaint

16  are difficult to decipher. For example, the amended complaint alleges that the "incorrect process

17  of reviews of police reports on May 11, 2017 . . . lead to the massive injuries that followed with

18  the sustained custody[.]" (Am. Compl. (ECF No. 8) at 4.) The "reports were not consistent to

19  make the arrests process on the current pre-conditioned stroke victims[.]" (Id.) "The police are

20  responsible for not closely verifying the serious accusations of a felony charge by implications of

21  placements by the reporting police/sheriff officers, investigating the call on May 10, 2017[.]"

22  (Id.) In this regard the amended complaint fails to identify a claim against a named defendant and

23  state the elements of that claim.

24      Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

25  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

26  state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v.

27  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels

28  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor

3

does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

**B.     Prosecutorial Immunity**

The amended complaint alleges that three district attorneys "knowingly proceed[ed] forward with intentfull (sic) process of condemned procecutions (sic)[.]" (Am. Compl. (ECF No. 8) at 4.) "Absolute immunity is generally accorded to . . . prosecutors functioning in their official capacities." Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004). In this regard, "[a] state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities 'intimately associated with the judicial phase of the criminal process.'" Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).

The amended complaint alleges that the defendants engaged in "Procecutal (sic) Misconduct[.]" (Am. Compl. (ECF No. 8) at 4.) "Malicious prosecution consists of initiating or procuring the arrest and prosecution of another under lawful process, but from malicious motives and without probable cause . . . . The test is whether the defendant was actively instrumental in causing the prosecution." Sullivan v. County of Los Angeles, 12 Cal.3d 710, 720 (Cal. 1974). To prevail on a § 1983 claim of malicious prosecution, the plaintiff must show that the defendant prosecuted plaintiff: (1) with malice; (2) without probable cause; and (3) "'[f]or the purpose of denying [plaintiff] equal protection or another specific constitutional right.'" Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)); see also Lassiter v. City of Bremerton, 556 F.3d 1049, 1054-55 (9th Cir. 2009) ("[p]robable cause is an absolute defense to malicious prosecution").

"Further, because the state tort common law has been incorporated into the elements of a § 1983 malicious prosecution claim, a plaintiff must generally show that the prior prosecution terminated in a manner that indicates innocence, i.e. a favorable termination." Mazzetti v. Bellino, 57 F.Supp.3d 1262, 1268 (E.D. Cal. 2014) (citing Awabdy, 368 F. 3d at 1066-68). Here,

4

1  the amended complaint does not allege that plaintiff was prosecuted without probable cause or
2  that the prosecution terminated with a finding of plaintiff's innocence.  To the contrary, the
3  amended complaint refers to plaintiff's "conviction."  (Am. Compl. (ECF No. 8) at 4.)

###    C.    Judicial Immunity

5  The amended complaint names as defendants several judges.  (Am. Compl. (ECF No. 6)
6  at 1.)  The amended complaint complains about the "justifications of fellow judge," "Judge
7  Warren C. Stancener processing the case," "with different judges causing unjust process of the
8  court case," "Warren C. Stancener . . . placement of the 'vexciatious (sic) litigants,'" a judge's
9  "proceedings of an unlawful detainer," and being in custody "wrongfully, by efforts of Judge
10 Kenneth J[.]"  (Id. at 4, 6, 8.)  However, judges are absolutely immune from suit for acts
11 performed in a judicial capacity.  See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435 &
12 n.10 (1993); Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 357-60
13 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges are immune
14 from damage actions for judicial acts taken within the jurisdiction of their courts.").
15 The plaintiff fails to state a claim for relief under the judicial immunity theory.

###    D.    Heck Bar and Rooker-Feldman

17 As noted above, the amended complaint acknowledges that plaintiff was "convicted" as a
18 result of the prosecution at issue.  (Am. Compl. (ECF No. 8) at 7.)  In Heck v. Humphrey, 512
19 U.S. 477 (1994), the United States Supreme Court held that a plaintiff may not prevail on § 1983
20 claim if doing so "would necessarily imply the invalidity" of plaintiff's conviction arising out of
21 the same underlying facts as those at issue in the civil action "unless the plaintiff can demonstrate
22 that the conviction or sentence has already been invalidated."  512 U.S. at 487.  Thus, "Heck says
23 that 'if a criminal conviction arising out of the same facts stands and is fundamentally
24 inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983
25 action must be dismissed.'"  Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005) (quoting
26 Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)).  "Consequently, 'the relevant question is
27 whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the
28 ////

1 invalidity of the earlier conviction or sentence[.]" Beets v. County of Los Angeles, 669 F.3d
2 1038, 1042 (9th Cir. 2012) (quoting Smithart, 79 F.3d at 951).
3       Additionally, under the Rooker-Feldman doctrine a federal district court is precluded from
4 hearing "cases brought by state-court losers complaining of injuries caused by state-court
5 judgments rendered before the district court proceedings commenced and inviting district court
6 review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544
7 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders
8 and judgments, but to interlocutory orders and non-final judgments issued by a state court as well.
9 Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide
10 Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).
11       The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state
12 court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties
13 do not directly contest the merits of a state court decision, as the doctrine prohibits a federal
14 district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a
15 state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008)
16 (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal'
17 forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly
18 erroneous decision by a state court, and seeks relief from a state court judgment based on that
19 decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d
20 at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman
21 doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in
22 'which a party losing in state court' seeks 'what in substance would be appellate review of the
23 state judgment in a United States district court, based on the losing party's claim that the state
24 judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S.
25 997, 1005-06 (1994), cert. denied 547 U.S. 1111 (2006)). "Thus, even if a plaintiff seeks relief
26 from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also
27 alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).
28 ////

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it
>
> must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

Accordingly, plaintiff is precluded from stating a claim pursuant to the Heck bar and the Rooker-Feldman doctrine.

**III.    Leave to Amend**

For the reasons stated above, plaintiff's amended complaint should be dismissed. The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v.

Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, given the deficiencies noted above and plaintiff's inability to successfully amend the complaint, the undersigned finds that granting plaintiff further leave to amend would be futile.

### CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's May 16, 2019 application to proceed in forma pauperis (ECF No. 2), re-noticed on July 26, 2019 (ECF No. 6), be denied;

2. Plaintiff's November 14, 2019 amended complaint (ECF No. 8) be dismissed without further leave to amend; and

3. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 17, 2020    /s/ DEBORAH BARNES
                         UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/heuvel0883.dism.f&rs